ALMAND *v.* THE GEORGIA RAILROAD AND BANKING CO.

1. According to the decision of this court in the case of *Southwestern R. Co.* v. *Felder*, 46 *Ga.* 433, approved in the case of *Western & Atlantic R. Co.* v. *Camp*, 53 *Ga.* 599, where goods are shipped by rail and arrive at destination within the usual time required for transportation, and are there deposited by the railroad company in a place of safety and held ready to be delivered to the consignee on demand, the company's liability as a common carrier, in the absence of a contrary custom of trade as to delivery, ceases, and its liability as a warehouseman begins.

2. Where goods are shipped by rail over the connecting lines of different railroads and are delayed in arriving at their final destination, and there is no evidence showing upon what contract the shipment was made or that the company completing the transportation had any connection with such contract, nor any evidence showing when, where or by which one of the companies the delay was in fact caused, upon these facts alone a finding that the

delay in question was chargeable to the fault or negligence of the last company receiving the goods would not have been warranted.

3. There being one or more questions of fact involved in this case which, even upon the theory that the railroad company was liable as a warehouseman only, ought to be passed upon by the jury, it was error, in sustaining the *certiorari,* to also render final judgment in favor of the defendant.

ATKINSON, J., concurring for special reasons.

April 29, 1895. Brought forward from the last term. Code, §4271(a-c).

*Certiorari.* Before Judge REESE. Hancock superior court. August term, 1894.

J. A. HARLEY, T. L. REESE, JORDAN & BURWELL and R. H. LEWIS, for plaintiff.

J. B. & B. CUMMING and M. P. REESE, for defendant.

SIMMONS, Chief Justice.

Goods consigned to the plaintiff over the defendant's railroad were unloaded into its depot at the point of destination on the afternoon of their arrival, and on the following morning were consumed in a conflagration which destroyed the depot; and this action was brought in a justice's court, to recover for their value. Judgment was rendered in favor of the plaintiff, and upon *certiorari* by the defendant the judge of the superior court sustained the *certiorari* and rendered final judgment in favor of the defendant; whereupon the plaintiff excepted, alleging that the court erred (1) in holding the defendant not liable, and (2) in rendering final judgment and not sending the case back for a new trial in the justice's court.

1, 2. If the relation of the railroad company to the consignee at the time the goods were destroyed was still that of a common carrier, the company was liable as an insurer, and no excuse would avail it, the loss not having been occasioned by the act of God or the public enemies of the State (Code, §2066); but if the relation of the company had changed to that of a warehouseman, it was not liable unless it failed to exercise ordinary dili-

gence for the protection of the goods. Under the evidence in the record, the defendant could not, according to the rule laid down in *Southwestern R. Co.* v. *Felder,* 46 *Ga.* 433, be held liable as a common carrier. In that case it was held that where goods shipped by rail arrive at destination within the usual time required for transportation, and are there deposited by the railroad company in a place of safety and held ready to be delivered to the consignee on demand, the company's liability as a common carrier, in the absence of a contrary custom of trade as to delivery, ceases, and its liability as a warehouseman begins. (See also *Western & Atlantic R. Co.* v. *Camp,* 53 *Ga.* 599.) It was contended that the shipment in the present case did not fall within the operation of this rule, because the goods did not arrive within the usual time required for transportation. It appears, however, that they were shipped from a point beyond the defendant's railroad, and it does not appear upon what contract they were received by the initial carrier, or that the defendant had any connection with such contract; nor was there any evidence showing when or where the delay was in fact caused. Upon these facts alone, a finding that the delay was chargeable to the fault or negligence of the last company receiving the goods would not be warranted. *East Tenn., Va. & Ga. Ry. Co.* v. *Johnson,* 85 *Ga.* 497.

3. But even upon the theory that the defendant's relation to the consignee at the time of the loss was merely that of a warehouseman, the burden was upon it to show that it exercised due diligence as such (Code, §2064), and there was evidence from which it could be inferred that the loss was occasioned by negligence on the part of the defendant. There being, therefore, issues of fact involved, which ought to be passed upon by a jury, it was error, in sustaining the *certiorari,* to also render final judgment in favor of the defendant.

The judgment of the court below is *reversed*, with direction that the case be remanded for a new trial in the justice's court.