CHARLES McCOY, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, December 7, 1908.

LIMITATIONS: Personal Injury: Iowa and Missouri Statutes: Dismissal: New Suit. Under the Iowa statute as interpreted by its courts a suit for personal injury must be brought within two years, and if the plaintiff dismisses his suit no new suit can be instituted after said period, and under the Missouri statute a cause of action barred in the State where it accrued is barred here and the provision of the Missouri statute permitting a new suit to be brought after the dismissal of the former cannot avail the plaintiff who commences his second suit two years after the accruing of his cause of action.

Appeal from Harrison Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*E. M. Harber* and *J. M. Sallee* for appellant.

(1) Section 4280, Revised Statutes 1899, provides that whenever a cause of action has been fully barred by the laws of the State, Territory or country in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts in this

State can only apply to suits brought in this State when the statutes of the foreign State bars the cause. (2) If the limitation statutes go only to the remedy it cannot be invoked as a bar in the State of Missouri. They must go further and not only prescribe the time within which suit may be brought, but they must destroy and extinguish the cause of action once existing; then and then only would section 4280, Revised Statutes 1899, apply. R. S. 1899, sec. 4280; Morgan v. Railroad, 51 Mo. App. 523; Williams v. Railroad, 123 Mo. 573; Wood on Limitations (2 Ed.), sec. 8, p. 34; Story on Conflict of Law, sec. 582; Wharton on Conflict of Laws, sec. 534; Carson v. Hunter, 46 Mo. 467; Baker v. Stonebreaker, 36 Mo. 349; McMerty v. Morrison, 62 Mo. 140; Dolan v. Royal Neighbors of America, 123 Mo. App. 157; 6 L. R. A. (N. S.) 659 note. (3) Statutes of Limitations constitute a part of the *lex fori* of every civilized country, and like other remedies are governed by the law of the place where the action is brought or remedy sought. McMerty v. Morrison, 62 Mo. 140; Amy v. Dubuque, 98 U. S. 470; Pritchard v. Norton, 106 U. S. 124; Bank v. Eldred, 130 U. S. 693; Williams v. Railroad, 123 Mo. 583; Wood on Limitations, p. 35, sec. 9; Nonce v. Railroad, 32 Fed. 429; The Harrisburg, 119 U. S. 199; Railroad v. Hine, 25 Ohio St. 629; O'Shields v. Railroad, 83 Ga. 621. (4) The Statute of Limitations of the State of Iowa pertain to the remedy and not to the essence of a contract. Edwards v. McCaddon, 20 Iowa 520; Meek v. Meek, 45 Iowa 294. (5) The Statute of Limitations of Iowa does not affect the validity of a debt or obligation of a contract. It simply operates to arrest the remedy. Hence an offer to pay a debt legally due applies to a debt the remedy for which is barred by the Statute of Limitations. Barke v. Earley, 72 Iowa 273. (6) Except in those cases where the cause of action is extinguished by the Statute of Limitations the laws of the forum apply. Gross v. Watts, 206 Mo. 397; Carson

v. Hunter, 46 Mo. 467; Lyman v. Campbell, 34 Mo. App. 213; Williams v. Railroad, 123 Mo. 573; Sterling v. Winters, 80 Mo. 141; McMerty v. Morrison, 62 Mo. 143 and authorities there cited. (7) Paragraph 3 of section 3447, Revised Statutes of Iowa 1897, does not extinguish the cause of action; but only bars the remedy; and in construing this statute the Supreme Court of Iowa has repeatedly held that the Statute of Limitations pertains to the remedy and not to the right of action or validity of the cause of action. Edwards v. McCadden, 20 Iowa 520; Parsons v. Carey, 28 Iowa 431; Harrencourt v. Merrmit, 29 Iowa 71; Campbell v. Long, 20 Iowa 382; Meek v. Meek, 45 Iowa 294; Barke v. Earley, 72 Iowa 273; Thomas v. Clarkson, 125 Ga. 72, same case in and note; 6 L. R. A. (N. S.), note 658; Sloane v. Waugh, 18 Iowa 224; Bigelow v. Ames, 18 Minn. 527; McMerty v. Morrison, 62 Mo. 140; Lyman v. Campbell, 34 Mo. App. 213; Payne v. Drew, 44 N. H. 306; Insurance Co. v. Aitkin, 125 N. Y. 674; Miller v. Brenham, 68 N. Y. 87; Sawyer v. McCauley, 18 S. C. 543; Thompson v. Reed, 75 Me. 404; Hewett v. Steele, 136 Mo. 333; Wetmore v. Crouch, 188 Mo. 653.

*Barlow & Barlow, W. D. Eaton, Wilson & Wilson,* and *J. W. Peery* for respondent.

(1) The pleadings in this case show that the alleged cause of action in the State of Iowa, and that by the Statute of Limitations of that State such a cause of action is barred within two years, saving to a plaintiff the right to bring a suit within six months after the dismissal of an action without negligence on the part of the plaintiff in its prosecution. By the statute of Missouri (sec. 4280), it is provided that "Whenever a cause of action has been fully barred by the laws of the State, Territory, or country in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts of this State."

(2)   Under this section it has been several times ruled that when the cause of action is absolutely extinguished by the laws of the State where it accrued, no suit can be maintained upon it in this State. Creamery Co. v. Railroad, 128 Mo. App. 420; Bank v. Salmon, 117 Mo. App. 511, recognizing the Iowa statute; Gates v. Tebbetts, 100 Mo. App. 597; Berkley v. Tootle, 163 Mo. 584; Thomas v. Clarkson, 6 L. R. A. (N. S.) 658 and note; Wojtylak v. Coal Co., 188 Mo. 295.   (3)   It will be observed that the above section changed the law of this State with regard to the bar of actions originating in another State.   Prior to its enactment, in 1899, it had been the settled law of this State that the limitation of actions, even though they accrued in another State, was to be governed solely by the Statute of Limitations of this State.   Bolan v. Royal Neighbors, 123 Mo. App. 147; Berkley v. Tootle, 163 Mo. 584; Morgan v. Railroad, 51 Mo. App. 523; Hurley v. Railroad, 57 Mo. App. 675; Creamery Co. v. Railroad, 128 Mo. App. 420; Cowan v. Mueller, 176 Mo. 198. (4)   The statutes of many of the States contain similar provisions to our section 4280, and it has been universally held under such provisions that when the cause of action was barred by the laws of the State where it arose, it will be barred in the State where the suit is brought.   22 Am. and Eng. Enc. of L. (2 ed.), p. 1387; 4 Supp. Am. and Eng. Enc. of L. (2 ed.), p. 489; Brunswick Tru. Co. v. Bank, 99 Fed. 635, 48 L. R. A. 624 and note; Railroad v. Hurd, 47 C. C. A. 615, 108 Fed. 116; 56 L. R. A. 195 and note; Bank v. Salmon, 117 Mo. App. 511 recognizing the Iowa statute; Gates v. Tebbetts, 100 Mo. App. 597; Gross v. Watts, 206 Mo. 397; Doughty v. Funk, 4 L. R. A. (N. S.) 1029 and note; Bruner v. Martin, 14 L. R. A. (N. S.) 775 and note.   (2)   Plaintiff voluntarily dismisses his suit and is not entitled to the benefit of the

six months' time within which to bring a new action. Archer v. Railway, 65 Iowa 611; Pardey v. Mechanicsville, 112 Iowa 68. (3) Under the above sections of the Iowa statute and the decisions above cited, construing the same, it is apparent that the plaintiff's cause of action was barred in the State of Iowa. Chandler v. Railroad, 127 Mo. App. 43; State to use v. Railway, 45 Md. 41; 22 Am. and Eng. Ency. of L. (2 ed.), 1378; Jaggard on Torts, sec. 34; Cooley on Torts (2 ed.), side page 471; Pullman Co. v. Lawrence, 22 So. (Miss.) 53; Brewster v. Railway, 86 N. W. (Ia.) 221; Railroad v. Harris, 29 So. (Miss.) 760; Walsh v. Railroad, 36 N. E. (Mass.) 584; LeForest v. Tolman, 117 Mass. 109; Railroad v. Moore, 29 Kan. 452; Willis v. Railway, 61 Tex. 432; Railroad v. Carroll, 11 So. 803; Bridger v. Railroad, 3 S. E. (S. C.) 860; Railroad v. Tanner, 68 Ga. 384; Railroad v. Babcock, 154 U. S. 190; Creamery Co. v. Railroad, 128 Mo. App. 420; Gates v. Tebbetts, 100 Mo. App. 598; Rahm v. Railroad, 129 Mo. App. 686; Root v. Railroad, 195 Mo. 370, and authorities cited; Chandler v. Railroad, 127 Mo. App. 34; Foundry Co. v. Jackson, 128 Mo. 119; Bank v. Salmon, 117 Mo. App. 513; Dolan v. Royal Neighbors, 123 Mo. App. 147 in point.

ELLISON, J.—This is an action for personal injury in which the judgment in the trial court was for the defendant.

It appears from the petition in the cause plaintiff is a resident of this State and defendant is a corporation organized and operating its road in the State of Iowa. It also operates its road in this State. While plaintiff was travelling on one of defendant's trains in the State of Iowa he was injured, in January, 1905, through negligence in the operation of the train. He returned to this State and in December, 1906, instituted his action in the circuit court of Harrison county for

the sum of $25,000 for damages. Before the case was tried in that court this defendant, by proper proceeding, procured it to be removed to the federal court for the western district of Missouri. In the latter court plaintiff, on July 27, 1907, "voluntarily dismissed it and took a voluntary nonsuit;" and afterwards, on the 22nd of August, 1907, instituted this suit in the Harrison Circuit Court upon the same cause of action, for $2,000.

The defendant, taking the view that plaintiff's cause of action was governed by the laws of Iowa, set up in its answer the following Iowa statute: "Actions may be brought within the times herein limited, respectively, after their causes accrue and not afterwards, except when otherwise specially declared;" and that all actions founded on injury to the person are limited to be commenced within two years from the date they accrue; and that "If, after the commencement of an action, the plaintiff for any cause, except negligence in its prosecution, fails therein and a new one is brought within six months thereafter, the second shall for the purposes herein contemplated be held a continuation of the first." The defendant further set up in its answer the following provision of the statute of this State (sec. 4280, R. S. 1899) : "Whenever a cause of action has been fully barred by the laws of the State, Territory or country in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts of this State."

Plaintiff moved to strike out the foregoing portions of the answer and the motion was overruled. He then filed a reply in which he admitted the statutes aforesaid read as set up by defendant and that he voluntarily dismissed the case in the federal court, and alleged that within two months thereafter he brought the present action, as already stated. The general rule of law is that the Statute of Limitations of the place where the remedy is sought governs. Thus, though a

cause of action arose in a foreign State where there was a short period of limitation, it could be prosecuted after that time in another State with a longer period. Or, if the period in the foreign State was long, and was short in the State where the remedy is sought, the action must be brought within the shorter period required by the latter State. In other words, the law of the forum is applied. This rule is based upon the idea that such statutes generally are statutes of repose only applicable to the remedy, and not reaching the cause of the action itself. But if it be shown that the law of the foreign State kills the action itself after a certain period, then an action cannot be commenced and maintained in another State after that period, though a longer period may be allowed in the latter State. The fact that in most instances there is no practical difference between a law destroying an action and one denying a remedy on such action, has led to some confusion in some of the cases on the subject.

It would result from this statement of the law, that if the statute of Iowa destroyed the cause of action itself after the expiration of two years, then plaintiff would be without standing in the courts of this State, since more than that period had elapsed before he began the present suit. That statute, as we have quoted it above, prescribes that actions for injury to the person "are limited to be commenced within two years" and "not afterwards." We need not say whether that is a bar on the cause of action itself under the cases of St. Louis Foundry v. Jackson, 128 Mo. 119; Berkley v. Tootle, 163 Mo. 584; McMerty v. Morrison, 62 Mo. 140; Woods on Limitations, sec. 8. For, aside from the foregoing distinctions founded on the law as it existed prior to the addition to our statute, made in 1899 by adding section 4280, above quoted, we can see no escape from the terms of that statute. It cannot be doubted that plaintiff's cause of action was fully barred by the

Iowa law before he began the present action, and, therefore, by the letter and intent of our statute, he is barred here.

But it is said that he began an action here within the period of the Iowa statute and that though afterwards dismissed, as already stated, the present case was begun within six months after the dismissal; thereby bringing him within the exception, above quoted, made to the Iowa Statute of Limitations. That exception itself excepts negligence from its operation, and, therefore, if the plaintiff was negligent in the prosecution of the first action, the second cannot be tacked to it so as to become a continuation of it. In Iowa it is held to be negligence in the prosecution of an action, within the meaning of this statute, to voluntarily dismiss it. [Archer v. Railway, 65 Iowa 611; Pardy v. Mechanicsville, 112 Iowa 71.]

But it is said that our statute (section 4285, Revised Statutes 1899) giving one year after the dismissal of a case, has not the qualifying and exceptional clause as to negligence which is contained in the Iowa statute; and that our statute, in this respect, should govern. We cannot sustain that position. Our statute bars any cause which is completely barred by the foreign State where the cause arose. The foreign statute here involved completely barred this action after two years, though it was begun before the bar, if it was afterwards voluntarily dismissed. The bar, as determined by the Iowa statute, controls; and when barred by the terms of that statute, it is barred here by reason of section 4280 of our statute.

The judgment is affirmed. All concur.