4180.   YESBIK *v.* MACON, DUBLIN & SAVANNAH RAILROAD CO.

1. Where goods received by a common carrier are, in due course of transportation, delivered to a connecting carrier, and reach the point of destination in a damaged condition, a recovery may be had against the delivering carrier, unless it shows that it did not receive the goods "as in good order," or, if so, that the goods were damaged before delivery to the initial carrier, or that, if the damage occurred in the course of transportation, it was due to no fault on the part of any of the carriers that handled the shipment.

2. A notation on a bill of lading, issued for a car-load of fruit, that the vents on the car are to be closed, will not be construed as a direction from the shipper to the carrier to close the vents, in the absence of proof that the shipper knew of and assented to such notation.

3. Where it is shown that a connecting carrier either actually or presumptively received as in good order a shipment of goods, which arrived at destination in a damaged condition, proof of the issuance by the initial carrier of a bill of lading containing an undertaking to deliver the goods at destination, over the line of the connecting carrier, will not defeat the right of the owner to recover the damages from the latter carrier.

DECIDED JULY 2, 1912.

Action for damages; from city court of Dublin—Judge H. R. Daniel presiding. March 13, 1912.

The action was to recover for damage to a car-load of bananas, alleged to have been caused partly by an unreasonable delay in transportation and partly on account of the negligent manner in which the goods were handled by the carrier. The plaintiff was nonsuited. It appears, from the evidence, that the Fruit Dispatch Company delivered the fruit to the Louisville & Nashville Railroad

Company at New Orleans, to be shipped to the plaintiff at Dublin, Georgia. The company issued its bill of lading, wherein it was recited that the goods were received in apparent good order, to be delivered to the Seaboard Air-Line Railway at Montgomery, Alabama, and by it to the defendant at Vidalia, for transportation to destination. Following the description of the goods was the notation: "All vents closed, all plugs out and sealed." The bill of lading was dated at the top, February 15, but at the bottom appeared the following: "Signed Feby. 16. Louisville & Nashville R. R. Co. per C. B. Bonner." The bill of lading was signed only by the initial carrier. The plaintiff testified, that the car of fruit was delivered to him by the defendant on Monday, February 20, in a worthless condition, caused from decay; that two days was a reasonable time for the car to have been transported from New Orleans to Dublin, and it should have reached destination on February 17; that the vents on the car were closed, the effect of which was to steam the bananas and "get them cooked;" that hot air will affect bananas in from ten to twelve hours. He further testified that he went to the depot at Dublin on Sunday, February 19, and was informed that the car had arrived; that if the vents had been opened, the fruit would have been in good condition when it arrived at destination. There was no evidence to show when the car was actually delivered to the initial carrier, nor when it was received by the defendant. There was evidence that the bananas were sound and in good condition when delivered to the first carrier at New Orleans. There was some other evidence for the plaintiff, but it is immaterial, since the nonsuit was wrong if the plaintiff by his testimony made a prima facie case. Counsel for the defendant in error seek to sustain the nonsuit upon three grounds: (1) because the evidence demanded a finding that there was no unreasonable delay in handling the shipment; (2) because if the fruit was decayed on account of the closing of the vents, the plaintiff can not recover, since this was done pursuant to the direction of the shipper, as shown by the bill of lading; (3) because the suit is upon the common-law liability of the defendant, and the evidence discloses an express contract with the initial carrier to deliver at destination, and it alone can be held liable.

*Davis & Sturgis,* for plaintiff.

*Minter Wimberly, Charles Akerman, J. S. Adams,* for defendant.

POTTLE, J. (After stating the foregoing facts.)

There being no allegation that the defendant receipted for the car of bananas as in good order, the petition will be construed as an effort to recover upon the implied obligation of the carrier to deliver safely and promptly, and not upon the statutory liability set forth in § 2752 of the Civil Code (1910). It appearing that the shipment was delivered to the defendant as a connecting carrier in due course of transportation, and nothing to the contrary appearing, the presumption is that the bananas were received as in good order. The onus is upon the defendant to show that they were not so received. *Hartwell Ry. Co.* v. *Kidd,* 10 *Ga. App.* 771 (74 S. E. 310) ; *Forrester* v. *Ga. R. Co.,* 92 *Ga.* 699 (19 S. E. 811). Until this presumption is rebutted, the defendant stands as though it had actually received the goods as in good order, and its liability is the same as that fixed by the section of the code. It can defend by showing that when received by it, the goods were in the same condition as when tendered to the plaintiff at Dublin; but if received by it without exception, only those defenses are open which could be made by the initial carrier, such as that the bananas were damaged when delivered to the first carrier in New Orleans, or that, after shipment, they became damaged without fault on the part of any of the carriers. The plaintiff made a prima facie case, showing the receipt of the bananas by the defendant as a common carrier, and the damage to the fruit. The evidence on the subject of delay is indefinite, and probably not sufficient to show an unreasonable delay in transportation. But this becomes immaterial in view of the plaintiff's testimony that the closing of the vents, and not the delay, caused the damage. A carrier is bound to follow shipping directions given by the apparent owner of the goods shipped, and will not be liable for damages consequent upon obedience to such instructions. Hutchinson, Carriers (3d ed.), § 69. But there is no evidence that the shipper directed the initial carrier to close the vents. There was no express contract, but a bill of lading in the nature of a receipt for the goods, signed by the carrier alone. The mere notation on the receipt after the description of the goods,—"all vents closed,"—is not sufficient, standing alone, to prove that the carrier had been directed by the shipper to keep the car in this condition. There was no proof of the shipper's assent, or even knowledge; and, for aught that ap-

pears, the carrier closed the vents on the car in the exercise of its own judgment. The defendant having been named in the bill of lading as one of the carriers over whose line the goods were to be transported, the decisions in *East Tenn. Ry. Co.* v. *Johnson,* 85 *Ga.* 497 (11 S. E. 809), and *Almand* v. *Georgia R. Co.,* 95 *Ga.* 775 (22 S. E. 674), have no application. Besides, in neither of those cases was the suit for damage to goods in transit.

*Judgment reversed.*