M. H. DEAL, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 19, 1914.

1. CARRIERS OF GOODS: Written Contract of Shipment: Limitations. In an action before a justice of the peace where neither the statement, evidence nor any part of the record shows that it was based on a written agreement of shipment over the road of a carrier, it will be considered an action for breach of the carrier's duty to safely transport and deliver, and the period of limitation for actions on written contracts will not apply.

2. LIMITATIONS: Foreign State. If an action is barred in the State in which it arose, it is barred in Missouri where an action was brought.

3. LIMITATIONS: Justice of the Peace: Pleading. In an action before a justice of the peace the Statute of Limitations need not be pleaded, if it is insisted upon at the trial.

4. **JURISDICTION:** Waiver.  Whether appearance to an action in
Blue township, Jackson county, by a railway company which
resides in Kaw township of the same county is a waiver of
jurisdiction, not decided.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

REVERSED.

*W. F. Evans* and *Cowherd, Ingraham, Durham & Morse* for appellant.

*E. H. Batson* for respondent.

ELLISON, P. J.—This action was brought for $235.75 before a justice of the peace in Blue township, Jackson county, Missouri, on an account for damages for the loss of a box of household goods shipped on defendant's road from Tulsa, Oklahoma, to Wynnewood in the same State.  On appeal to the circuit court plaintiff recovered judgment.

The date of the shipment was the 13th of April, 1909, and this action was brought October 25, 1912, more than three years thereafter.  Defendant defended by interposing the Statute of Limitations.  It appears that in Oklahoma the statute is as follows:

"Sec. 550.  Other Actions.  Civil action, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterward:

"First.  Within five years: An action upon any contract, agreement or promise in writing.

"Second.  Within three years: An action upon a contract not in writing, express or implied; and action upon a liability created by statute other than a forfeiture or penalty."

This action is not based on any agreement in writing and therefore does not fall in the five-year period of limitation, but rather in the three-year period.

We are compelled to say the action is not brought on a written agreement for nothing of that nature appears in plaintiff's case. The entire record fails to disclose a writing or any reference to one. There is no evidence of a writing in the statement set out above, or in the testimony, or the instructions. Evidently plaintiff began his case and maintained it in the trial court on the theory of defendant having violated its common law duty as a carrier to safely carry and deliver the goods. The record does not disclose that he had any legal standing on any other theory.

Therefore the action was barred by the statute of Oklahoma and being barred there, it is barred here under the provision of section 1895, Revised Statutes 1909, reading as follows: "Whenever a cause of action has been fully barred by the laws of the State, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this State."

The cause of action in McCoy v. Railroad, 134 Mo. App. 622, arose in Iowa and suit was brought in this State. It was barred in Iowa and, in consequence, we held it to be barred here, after full consideration of the subject. [To the same effect is Bemis v. Stanley, 93 Ill. 230; Loyd v. Perry, 38 Iowa 144.]

But plaintiff insists that as his action was begun before a justice of the peace he was not required to set out a writing. That his action might be *ex contractu* and not *ex delicto*. If we should grant that, it will not help him; for the Oklahoma statute does not give a five-year period on actions *ex contractu*, unless they are in writing, and we are not disposed now to allow him to say that his action was based on a written contract when there is nothing to bear that out and the whole record shows it was *ex delicto* for breach of duty to safely carry.

Again plaintiff insists that the statute cannot be invoked by defendant as it was not properly pleaded, and cites Williams v. Ry. Co., 123 Mo. 573. That case was instituted in the circuit court where formal pleading is required and is not applicable to this case begun before a justice where pleading is not required. All that was necessary for defendant to do was to claim the protection of the statute at the trial, and this could be done during the introduction of evidence or by instructions founded on the evidence.

As stated at the outset, the action was brought in Blue township. Defendant's road is not in that township but does run through Kaw township in the same county where it has a station and agent, and in which Kansas City with a population over 100,000 is situated. Defendant insists that it was therefore a resident of the latter township (Slavens v. Railway, 51 Mo. 308; Harding v. Railway, 80 Mo. 659) and under the statute as amended the justice of the peace of Blue township had no jurisdiction of the case. That statute (Sec. 7403, R. S. 1909) reads as follows: "The foregoing provisions of this article shall be subject to this proviso, to-wit: That in all municipal townships that now contain or may hereafter contain a city of one hundred thousand inhabitants and less than three hundred thousand inhabitants, and in which justices of the peace are paid a salary, every action, except attachment, recognizable before a justice of the peace against a defendant residing in such township, shall be brought before some justice of the peace of said township and none other."

Plaintiff contends that as defendant appeared to the action it waived the question of jurisdiction. Since our conclusion is that the action is barred it becomes unnecessary to pass on this phase of the case.

The judgment will be reversed. All concur.