EDNA EIGHME, PEARL McGUIRE and WILLIAM
    DUNLAP McGUIRE, Appellants, v. INDIANA,
    BLOOMINGTON & WESTERN RAILROAD COM-
    PANY, and CLEVELAND, CINCINNATI, CHICA-
    GO & ST. LOUIS RAILWAY COMPANY, Corpo-
    rations, Respondents.

In the Kansas City Court of Appeals, March 5, 1923.

1. **COURTS: Jurisdiction: Actions: Local or Transitory: Whether an Action is Local or Transitory is Determined by Court from Facts Pleaded.** The question of whether an action is local or transitory is a jurisdictional one which cannot be established by a simple allegation in the petition, but is for the court's determination under the facts pleaded.

2. **———: ———: ———: Action Founded upon Privity of Estate in Land is Local, and Must be Brought Where Land is Situated.** An action founded upon privity of estate in land is local, and must be brought in the place where the land lies.

3. **ESTATES: Remainders: Statute of Limitations: in an Action by Remaindermen to Recover Value of a Lot in Ohio, Where the Action Was Not Barred by Limitation in That State, it Was Not Barred in Missouri.** The general rule is that no cause of action accrues to remaindermen for possession of land until the death of the life tenant, or termination of the precedent particular estate, and where an action by remaindermen to recover the value of a lot in the State of Ohio was not barred by the Statute of Limitations of the State of Ohio, the action was not barred in Missouri.

4. **JURISDICTION: Actions: Local or Transitory: Real Estate: Possession: Ejectment: Appropriation: Choice of Remedies: Choice of Remedy by Remaindermen to Compel Appropriation Instead of Instituting Action in Ejectment, as Authorized by Laws of Ohio, Did Not Change Action from a Local to a Transitory One.** Under section 5, article 13, of the Constitution of Ohio, providing that no right of way shall be appropriated to the use of any corporation until full compensation be first made, where a life tenant in 1881 conveyed a lot by warranty deed to a railroad company which was succeeded by defendants, the remaindermen under sections 6448 and 6449, of the Revised Statutes of Ohio, 1906, upon the death of the life tenant had their choice of an action in eject-

ment, or an action to compel appropriation, and the choice of the latter action by remaindermen did not change the cause of action from a local to a transitory one, for in either instance, the rights of the remaindermen are based upon their right of possession.

5. ———: ———: ———: Where under Laws of Another State an Action Based on Right of Possession, is Local, Our Courts Must Follow the Law Thereof, and Trial Court Was Correct in Holding That it Did Not Have Jurisdiction to Try Such a Cause and There Was no Error in Giving Peremptory Instruction at Close of Plaintiff's Case. Where proceeding of plaintiffs' remaindermen, was to compel appropriation of land in another State, the action being necessarily based upon the right of possession, and as the laws of the former State declare such a right of action to be local, under the law of this State, our court must follow the law of the former State, hence the trial court was correct in holding that it was without jurisdiction to try the cause, and it did not err in giving peremptory instruction at close of plaintiffs' case.

Appeal from the Circuit Court of Jackson County.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*C. W. Prince, E. C. Hamilton, E. A. Harris* and *Jas. N. Beery* for appellant.

*Marley & Reed* for respondents.

ARNOLD, J.—This is an action to recover the value of a lot in the City of Troy, Ohio. The facts of record are that on and prior to October 22, 1872, one William Dunlap was the owner of the lot in question, and that on said date he conveyed the same to his daughter Emma McGuire "and the heirs of her body forever." On July 16, 1881, Emma McGuire and her husband conveyed the lot by warranty deed to the defendant, the Indiana, Bloomington & Western Railroad Company. In 1885, this railroad went into the hands of receivers which action terminated in foreclosure and the sale of the lot in question to Frederick Olcott, et al., and in 1887, the lot was conveyed to Chas. W. Fairbanks, trustee, who in

turn during the same year, conveyed it to the Springfield & Western Railway Company. Thereafter and during the same year, the Springfield & Western Railroad Company was consolidated with the Indiana, Bloomington & Western Railway and became known as the Ohio, Indiana & Western Railway Company. This last named road, in due course, went into the hands of a receiver, which proceeding terminated in foreclosure. At the foreclosure sale in February, 1890, the lot was purchased by C. H. Coster, et al., and these parties subsequently deeded it to the Cleveland, Cincinnati Chicago & St. Louis Railway Company.

The plaintiffs are the bodily heirs of Emma McGuire who died January 28, 1912, and it is upon their alleged rights as remaindermen, under the terms of the deed of William Dunlap to his daughter Emma McGuire, the mother of plaintiffs that this action is bottomed. The suit was filed in the circuit court of Jackson County, Missouri, April 25, 1914, and is predicated upon the theory that the conveyance of said property to the Indiana, Bloomington & Western Railway Company, by their mother, passed only her life estate therein, and did not affect the rights of plaintiffs as remaindermen.

The petition charges that on some day prior to January 28, 1912, defendants wrongfully took possession of said lot by physically occupying it with their tracks and right-of-way, and thereby wrongfully appropriated same to their own use, and that plaintiffs are thereby prevented from recovering possession of it; and that the reasonable value thereof at the time of its appropriation by defendants was $300. Certain constitutional and statutory provisions of the State of Ohio are also pleaded, the purport of which is that no right of way shall be appropriated until full compensation therefor shall first be made in money to the owner; and that where there is an unlawful appropriation, the owner may resort to any remedy that is appropriate, among others, an action for compensation.

The answer denies that plaintiffs have any title to the lot described in the petition and avers that, on the contrary, the defendant Cleveland, Cincinnati, Chicago & St. Louis Railway Company is the owner thereof in fee simple. The answer further asserts that the court is without jurisdiction of the subject-matter of the action because the title to real estate is involved. The answer also pleads in bar the Statute of Limitations of the State of Missouri, and alleges that defendant, Cleveland, Cincinnati, Chicago & St. Louis Railway Company has continuously been in open, notorious, adverse and exclusive possession as owner of said lot, and has continuously used the same for railroad purposes since the 16th day of July, 1881.

The reply was a general denial. After plaintiffs had concluded their evidence in chief, the court, at the request of defendants, marked "given" a peremptory instruction in the nature of a demurrer to the evidence. Thereupon plaintiffs took an involuntary nonsuit, with leave. The trial court refusing to set aside the nonsuit, plaintiffs were allowed an appeal to the Supreme Court. For want of jurisdiction the Supreme Court transferred the cause to this court.

The answer of defendants puts in issue the question of the Statute of Limitations. It must be conceded that the right to the possession of property is the basis of this controversy, and the complaint is therefore founded not upon contract, but privity of estate.

Plainiffs charge in their petition that they "do not seek to recover possession of the property . . . but desire to recover the actual monetary value thereof. . . ." This necessarily involves the question of whether the action is local or transitory. This is a jurisdictional question and it cannot be successfully contended that a plaintiff may establish jurisdiction by a simple allegation in his petition. This is a question for the court's determination, under the facts pleaded.

It was held in White v. Sanborn, 6 N. H. 222, that an action founded upon privity of estate in land is local

and must be brought in the place where the land lies. This is the general rule accepted by the courts in the various States. [Lienow v. Ellis, 6 Mass. 332; Clark v. Scudder, 722 Mass. 122.] Plaintiffs are claiming, under their alleged rights as remaindermen, upon the termination of the life estate of their mother, whose death is alleged to have occurred in 1912. Upon the termination of the life estate, the remainderman has his right of entry. [Beckham v. Maples, 95 Ga. 775; Wells v. Prince, 4 Mass. 65; Covar v. Cantelow, 25 S. C. 41.] Holding, as we do, under these authorities, that the action herein is local and not transitory, we pass to the consideration of the questions as to whether or not plaintiffs are barred by the Statute of Limitations of the State of Ohio. In Webster v. Pittsburg, etc., R. Co., 78 Ohio St. 87, 84 N. E. 592, 594, it is said:

". . . the general rule is that no cause of action accrues to the remainderman until the death of the life tenant, or other termination of the precedent particular estate, and, as a right of immediate possession is an indispensable requisite to maintaining an action of ejectment, it follows that suit cannot be brought by the owner of the remainder so long as the precedent estate exists. This is the rule recognized in Holt et al., v. Lamb et al., 17 Ohio St. 374; Carpenter v. Denoon et al., 29 Ohio St. 379; Koltenbrock v. Cracraft, 36 Ohio St. 584."

It necessarily follows that the Statute of Limitations did not begin to run until the right of possession was placed in plaintiffs by the death of their mother in whom the life estate was vested by deed. The Statute of Limitations not having barred plaintiffs in Ohio, they were not barred in Missouri. [Theis v. Wood, 238 Mo. 643, 142 S. W. 431; Hines v. Hines, 243 Mo. 480, 147 S. W. 774; Gross v. Watts, 206 Mo. 373, 104 S. W. 30; McCoy v. Railway, 134 Mo. App. 622, 114 S. W. 1124; Pittman v. Ball, 140 Mo. App. 389, 124 S. W. 1082; Williams v. Railway, 123 Mo. 573, 27 S. W. 387.] This brings us to the question of jurisdiction of the trial court which in-

volves the Ohio laws. It is urged by plaintiffs that this is not an action in ejectment, but to compel appropriation under the provisions of sections 6448 and 6449, Revised Statutes of Ohio, 1906.

Section 5, Article 13, of the Constitution of Ohio provides:

"No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money or first secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation; which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law."

Section 6448, Revised Statutes Ohio, 1906, provides. that "such owner or owners, or either of them may serve notice in writing, upon the corporation in the manner provided for the service of summons against a corporation, to proceed under this chapter to apportionate the lands, and on failure of such corporation, for ten days so to proceed, said owner or owners, . . . may file a petition in the probate court of the proper county setting forth the facts of such use or occupation by the corporation, that the corporation has no right, legal or equitable thereto, . . . that the notice provided in this section has been duly served, that the time of limitation under the notice has elapsed, and such other facts, including a pertinent description of the land so used or occupied, as may be proper to an understanding cf the facts."

There is no claim that such notice was served by plaintiffs.

Section 6449 provides: "This section shall not be construed to impair or lessen in any manner the right the owner or owners . . . may have to proceed against the corporation as in all other cases of the unlawful entry upon lands."

Plaintiffs claim that, under the section last quoted, they had the right to proceed against the railroad company in any manner they chose. We cannot assent to this

broad statement. Under the statutes above referred to, plaintiffs had their choice of an action in ejectment or an action to compel appropriation under. They chose the latter. But we do not understand that this choice changed the cause of action from a local to a transitory one, for in either instance, plaintiffs' rights are based upon their right of possession.

In the Webster v. Railway case, supra, it was held (loc. cit. 593) that the remedy provided by section 6448, "is a substitute for the right to recover possession, etc." [Citing Railroad Co. v. O'Harra, 48 Ohio St. 353, 28 N. E. 175.] But if plaintiffs choose to proceed to compel appropriation, as in this case, the action is necessarily based upon the right of possession which first must be shown, and the right of action therefore is local. The Ohio authorities all hold to this effect and under the law in Missouri, we must follow their rulings. Our duty in this respect is clearly defined in Newlin v. Railroad, 222 Mo. 375, 392, 121 S. W. 125, where it is said by LAMM, P. J.:

". . . (2) in administering the substantive laws of a sister State we administer *them,* not our own; and (3) we should not administer them either more or less blandly than do our sister's courts. This in order, on the one hand, to not refuse jurisdiction by a too sour or cold complexion or to repel it by corroding our sister's law; or, on the other hand, to not *toll, entice and coax* jurisdiction from our sister's courts—thereby (under a mask of courtesy) draining jurisdiction away from them by an enlarged and alluring interpretation in our own."

Entertaining these views, we must hold the trial court was without jurisdiction to try the cause and there was no error in giving the peremptory instruction at the close of plaintiff's case. Other points raised by appellants need not be discussed. The judgment is affirmed.

The other judges concur in the conclusion reached, on the ground that the cause of action is local and not transitory.