E. MARION BROWN, Administrator of the Estate of R. W. PATRICK, deceased, Appellant, v. W. F. GRINSTEAD, Respondent.

Springfield Court of Appeals, June 26, 1923.

1. **STATUTE OF LIMTATIONS.** Defendant relied upon the Illinois Statute of Limitations in connection with the Missouri Statute of Limitations, the latter of which provides that whenever a cause of action has been fully barred by the laws of the State, territory or country in which it originated, said bar shall be a complete defense to any action thereon brought in any courts of this State, *held* that under the statutes of Illinois the cause of action was barred.

2. **FRAUDULENTY CONCEALING CAUSE OF ACTION.** If any person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards. Under this statute of Illinois where the defendant does nothing affirmatively or otherwise to conceal the fact that a cause of action exists against him, or where the defendant did not know that a cause of action existed against him,

he could not conceal such fact, and the statute would run in his favor.

3. **FOREIGN STATUTE.** By virtue of section 1324 of our statute, the Illinois Statute of Limitation, section 14, was in effect adopted for causes of action accruing in Illinois and prosecuted in this jurisdiction. Plaintiff's cause of action was undoubtedly barred by the Illinois Statute. Such being true it is barred here.

Appeal from the Circuit Court of Mississippi County.— *Frank Kelly,* Judge.

AFFIRMED.

*J. M. Haw* and *Jas. A. Boone* for appellant.

(1)    The court erred in holding that plaintiff's cause of action does not come within the exceptions to the Illinois statute of limitations. Section 22, Chapter 83, Hurd's Revised Statutes of Illinois 1913. (2)    Where the damage is the gist o fthe action the time runs only from the actual happening of the damage. Webb's Pollock on Torts 244; 7 Waite's Actions and Defenses, p. 263; Schlitz Brewing Co. v. Compton, 142 Ill. 511, 514. (3)    While the general rule is that ignorance cannot be considered in determining when the statute begins to run, an exception to this rule is made in cases of concealment of the cause of action or fraud on the part of the defendant, or where the ignorance of the plaintiff is due to no fault or negligence of his own, but to the peculiar circumstances of the case, or arising from necessity in order to do justice in the particular case. Beaty v. Cruce, 204 S. W. 553, 200 Mo. App. 199; Braun v. Sauerwein, 19 U. S. L. C. P. 896 (10 Wall. 218); Gillette v. Tucker, 65 N. E. 865; Huggins v. Toler, 64 Ky. 192. (4)    The question of limitations as prescribed by the statute of Illinois is a question of fact that should have been submitted to the jury. 25 Cyc. 1434-5, and cases cited; State ex rel. v. Hawkins, 103 Mo. App. 251. It is the well-settled rule of courts that when there is

doubt as to the time when the limitation commences to run, that construction should be given which is most favorable to the enforcement of the common-law rights of the citizens. 17 R. C. L., sec. 32, page 686, (5) The question of negligence was one for the jury. Krinard v. Westerman, —Mo., —, 216 S. W. 938, 940; Hague v. Threadgill, — Mo. App. —, 236 S. W. 895, 896-897; Tate et al. v. Tyzzer, — Mo. App. —, 234 S. W. 1038, 1041; Evans v. Clapp, — Mo. App. —, 231 S. W. 79; Gottschall v. Geiger, — Mo. App. —, 231 S. W. 87, 96; Sontag v. Ude, — Mo. App. —, 177 S. W. 659. (6) Respondent's position that no presumptions and inferences can be indulged in in the case at bar is directly contrary to the holdings of the courts of this State. Krinard v. Westerman, — Mo. —, 216 S. W. 938, 940; Sontag v. Ude, — Mo. App. —, 177 S. W. 659, 661; Fields v. Metropolitan Street Railway Company, 169 Mo. App. 624, 633. (7) That the Legislature may change an existing Statute of Limitations and shorten the period of limitations provided a reasonable time is allowed for actions to be brought or extend the period and lengthen the time in which suits may be brought is a well settled principle of law. 17 R. C. L., secs. 11, 12, page 672; Tice v. Fleming, 173 Mo. 49, 55; Lawrence v. Louisville, 27 L. R. A. 560.

*Russell & Joslyn* for respondent.

(1) There is no proof that leaving the gauze sponge in the cavity caused the subsequent breaking and running of the wound. The infection was already in the cavity before the first operation and it is possible and highly probable for such wounds to break and run at intervals. Hite v. Metropolitan St. Ry. Co., 130 Mo. 132; McManamee v. M. P. Co., 135 Mo. 440; Feary v. Met. St. Ry. Co., 162 Mo. 75; Malloy v. St. Louis, etc., Co., 173 Mo. 75; McGrath v. St. Louis, etc., Co., 197 Mo. 97; Orcutt v. Century Bldg. Co., 201 Mo. 424; Kirk-

patrick v. Metropolitan Co., 211 Mo. 68; Beave v. St. Louis Transit Co., 212 Mo. 331; Thompson v. Keys-Marshall Co., 214 Mo. 487; Heiberger v. Missouri, etc., Co., 133 Mo. App. 452. (2) The foregoing statutes of Illinois and the construction placed thereon by the Appellate Courts of that State clearly show that plaintiff's cause of action was barred at the time he instituted suit in this case, and it is, therefore, barred by the Missouri Statutes. Sec. 1895, R. S. 1909; McCoy v. Railroad, 134 Mo. App. 628. Section 1887 of the Revised Statutes of Missouri for the year 1909, prior to the amendment made in 1919, was as follows: "Civil actions other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued." (3) The proviso now appearing in section 1513 of the Revised Statutes of 1919, was not added until the year 1919, long after appellant's cause of action accrued, but before he instituted his suit. Therefore, it cannot have any application. Sec. 1342, R. S. 1919; Cranor v. School District, 81 Mo. App. 152; Wencker v. Thompson, 96 Mo. App. 65-66; McFaul v. Haley, 166 Mo. 63. (4) Appellant's cause of action accrued when the alleged negligent act was committed, to-wit, on the 13th day of February, 1918. 25 Cyc, page 1116; Wood on Limitations, sec. 177; Schade v. Gehner, 133 Mo. 252; Sachen v. Morton, 165 Fed. 654; Fortner v. English, 226 Ill. 262, 80 N. E. 781; Wilcox v. Plumer, 4 Pet. 181, 7 L. Ed. 821. (5) Mere silence by a person liable to an action is not concealment of the cause of action, but such concealment must consist of affirmative acts of representation. Therefore, Dr. Grinstead's failure to notify the appellant of something which he did not himself know about until after Dr. Harmon had performed an operation on appellant, would not take the case out of the Statute of Limitations of either Illinois or Missouri, which appellant is seeking to invoke in this case. Word v. Williams, 31 N. E. 681; Parmelee v. Price, 70 N. E.

725; Chrock v. Duncan, 189 S. W. 610; Callahan v. Callahan, 175 Mo. 346, 360; Shelby Co. v. Bragg, 135 Mo. 291.

BRADLEY, J.—Pplaintiff, R. W. Patrick, in his lifetime, sued to recover damages resulting from alleged negligence on the part of defendant in performing a surgical operation. At the close of the case the court directed a verdict for defendant on the ground that plaintiff's cause of action was barred by the Statute of Limitation. Judgment was entered in accordance with the directed verdict, and after the usual motion plaintiff appealed.

The operation was performed in Cairo, Ill., on February 13, 1918. Plaintiff commenced this cause on January 25, 1921. The operation was performed in Illinois, and defendant pleaded the Illinois statute which is two years. In the operation plaintiff's appendix was removed, and also the gall bladder was operated upon. A gauze sponge was left in plaintiff's abdominal cavity of which he had no knowledge until a second operation in St. Louis on October 23, 1920, when the gauze sponge was discovered and removed.

Defendant introduced in evidence the Illinois statute in force at the time of the operation, and also Illinois decisions construing the statute as applicable to malpractice cases. Section 14 of Chapter 83, Hurd's Revised Statute, 1913, same as section 14, Chapter 83, Hurd's Revised Statute, 1917, in force at the time reads as follows: "Actions for damages for an injury to the person . . . shall be commenced withi ntwo years next after the cause of action accrued." Defendant pleaded and introduced in evidence Keirsey v. McNemer, 197 Ill. App. 173, and other cases, construing section 14 as applicable to plaintiff's cause of action. Defendant relied upon section 14 of the Illinois Statute in connection with section 1324, Revised Statutes 1919, of our statute. Section 1324 of our statute reads: "Whenever a cause of action has been fully barred by the laws of

Brown v. Grinstead.

the State, territory or country in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts of this State." At the time of the operation in Cairo, Ill., on February 13, 1918, our statute applicable to this character of action was five years. [Sec. 1889, R. S. 1909, new Sec. 1317, R. S. 1919.] The limitation in our statute, however, was reduced to two years in 1921. [Sec. 1319a, Laws 1921, p. 197.]

Plaintiff seeks to avoid the Illinois statute on two grounds. First it is contended that section 22 of Chapter 83 of the Illinois Statute which plaintiff pleaded in reply and offered in evidence is applicable to plaintiff's cause of action. Second, it is contended that the proviso to our statute, section 1315, Revised Statutes 1919, can be invoked.

Section 22 of Chapter 83 of the Illinois Statute is as follows: "If any person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." There is no contention that defendant did anything affirmatively or otherwise to conceal the fact that a gauze sponge was left in plaintiff's abdominal cavity. Defendant did not know that the gauze sponge was left, hence he could not *conceal* such fact. [Wood v. Williams (Ill.), 31 N. E. 681; Parmelee v. Price (Ill.), 70 N. E. 725; Shelby County v. Bragg, 135 Mo. 291, 26 S. W. 600; Callan v. Callan, 175 Mo. 346, 4 S. W. 965; Beaty v. Cruce, 200 Mo. App. 199, 204 S. W. 553.] Plaintiff cites and relies on the Beaty Case as supporting his contention that limitation did not begin to run until the gauze sponge was discovered at the second operation. In that case a forgery was concealed, and we held in effect that the defendant there stood in the shoes of the forger. We do not think that plaintiff can invoke section 22 of the Illinois Stat-

ute.  We have a somewhat similar statute (section 1334, R. S. 1919), but no construction thereof which we have found supports plaintiff's contention.

Can plaintiff invoke the proviso to section 1315, Revised Statutes 1919, of our statute?  This statute reads as follows: "Civil actions other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued:  Provided, that for the purposes of this article, the cause of action shal not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment . . ."  Plaintiff's cause of action was fully barred by the Illinois Statute, hence our statute, section 1324, Revised Statutes 1919, set out supra, bars it here unless saved by section 1315, supra. Sections 1315 and 1324 are both in Article 9 of Chapter 12 of our Revised Statutes, 1919.  The proviso to section 1315 was added in 1919 after plaintiff's cause of action accrued (Laws 1919, p. 211), hence we do not think the proviso can be invoked by plaintiff.  Plaintiff can no more invoke the proviso to section 1315, than defendant can invoke section 1319a, Laws 1921, p. 197, which reduced the limitation in this State to two years. Both were passed after plaintiff's cause of action accrued, and both were in effect at the time of the trial. Another reason why plaintiff cannot invoke the proviso is section 1342, Revised Statutes 1919.  This section provides that the provisions of articles 8 and 9 of Chapter 12, of which section 1315 is a part, shall not apply to any actions commenced nor to any cause where the right of action shall have accrued before the time said articles take effect, but the same shall remain subject to the laws then in force.  The proviso is a part of article 9, and was not in force when plaintiff's cause of action accrued.  Section 1342 also answers plaintiff's argument that to construe section 1324 as barring his cause of ac-

tion would result in favoring citizens of a foreign jurisdiction over citizens of this State. Such cannot be the case, because by section 1342 the proviso cannot affect any cause of action, wherever it accrues, in this State or elsewhere, that accrued prior to the time when the proviso became in force. But if the proviso had existed at the time plaintiff's cause of action accrued on February 13, 1918, section 1324 would still be available to defendant. By virtue of section 1324 of our statute the Illinois Statute of Limitation, section 14, was in effect adopted for causes of action accruing in Illinois and prosecuted in this jurisdiction. Plaintiff's cause of action was undoubtedly barred by the Illinois Statute. Such being true it is barred here. [Sec. 1324, R. S. 1919; McCoy v. Railroad, 134 Mo. App. 622, 114 S. W. 1124; Deal v. Railroad, 176 Mo. App. 8, 162 S. W. 760.]

What is said respecting limitations in Morgan v. Railroad, 51 Mo. App. 523, Hurley v. Railroad, 57 Mo. App. 675, and other cases to the same effect, cannot avail plaintiff, because of section 1324 which was enacted in 1899 subsequent to those cases.

The judgment below should be affirmed, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.