16019.   CENTRAL OF GEORGIA RAILWAY CO. *v.* LEVERETTE.

STEPHENS, J. 1. Upon the arrival of freight at the point of destination within the usual time required for transportation, the carrier may, in the absence of any custom of the trade as to delivery, immediately store the same in a place of safety and hold it as a warehouseman, and not as a carrier, until its delivery to the consignee. Civil Code (1910), § 2730; *Southwestern R. Co.* v. *Felder,* 46 *Ga.* 433; *Western & Atlantic R. Co.* v. *Camp,* 53 *Ga.* 596; *Almand* v. *Georgia R. Co.,* 95 *Ga.* 775 (22 S. E. 674); *Georgia & Alabama Ry.* v. *Pound,* 111 *Ga.* 6 (36 S. E. 312); *Kight* v. *Wrightsville & Tennille R. Co.,* 127 *Ga.* 204 (56 S. E. 363).

2. Mere proof that the consignee received notice from the carrier of the arrival of the freight at the point of destination is insufficient to establish any custom as to delivery.

3. A failure of the carrier to deliver the shipment to the consignee on demand, on account of a temporary inability to make delivery, such as an inability to reach the freight by reason of its not having been unloaded from the car, or inability to move the freight, because of its weight and a lack of skids, or inability to deliver it by reason of the consignee having no truck to receive it, is not an absolute refusal to deliver to the consignee. It is therefore not a conversion, but is only a failure to deliver the shipment at the particular time.

4. When the carrier afterwards stores the freight and holds it ready for delivery to the consignee, the carrier's liability thereafter becomes that of a warehouseman and not that of an insurer; and where, in such a case, after a period of three days, during which time the consignee failed to call for and demand delivery of the freight, it was destroyed by fire, without negligence on the part of the carrier, the carrier was not liable therefor to the consignee.

5. The rule of the public-service commission of the State, which provides that upon personal notice to the consignee of the arrival of a shipment of freight, there shall be a period of "free time" within which the consignee may receive the freight, which period of time may be extended "as the inclemency of the weather may render the removal of the freight in question from the custody of the carrier reasonably impracticable," has reference solely to the liability of the consignee for storage, and can not affect the liability imposed by law upon the carrier as a warehouseman only.

6. The carrier's failure to make delivery of the freight to the consignee on demand, as indicated above, not being an absolute refusal to deliver, did not constitute a conversion, and did not operate to extend indefinitely the carrier's liability as an insurer. This being a suit by the consignee against the carrier to recover for the loss of the freight by fire, an instruction by the court, that the carrier, at the time of such demand, was bound to deliver the freight to the consignee, was error, in that it was not adjusted to the issues in the case and was calculated to cause the jury to believe that the carrier's failure to make such delivery on demand constituted a conversion, or indefinitely extended the carrier's liability as an insurer.

7. The trial court having submitted the case to the jury under a theory in conflict with these rulings, the court erred in admitting certain evidence excepted to in ground 4 of the motion for a new trial, and also erred in the charge excepted to in ground 6.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Action for damages; from Putnam superior court — Judge Park. October 18, 1924.

*Meriwether F. Adams,* for plaintiff in error.
*Joseph B. Duke,* contra.