## WRIGHT v. NEW YORK UNDERWRITERS' INS. CO.

### No. 7813.

District Court, W. D. Missouri, W. D.

Sept. 7, 1932.

Cliff Langsdale and Denton Dunn, both of Kansas City, Mo., for plaintiff.

Morrison, Nugent, Wylder & Berger, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Heretofore, a memorandum opinion was written and filed in this cause. The defendant had not filed its reply brief at the time, and believing the court to be in error as to the applicable principles of law, requested a rehearing. This was granted.

The defendant invokes by its plea a statute of limitation of the state of Kansas. The cause of action sued on arose in that state on January 8, 1929. By a statute of Kansas it became barred in one year, or on January 8, 1930. Suit was not brought in Kansas, but within the period of limitation a suit was filed in Missouri, but was dismissed on December 6, 1929. Thereafter, to wit, on February 15, 1930, plaintiff filed a new suit in Missouri. If the limitation statute of Kansas applies, the plaintiff's suit is barred. This would be the rule perforce section 869, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 869), which is as follows: "Whenever a cause of action has been fully barred by the laws of the state, * * * in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." When the original suit was brought in Missouri, the above section could not be invoked because said suit was filed within the period allowed under the Kansas statute.

It is contended by plaintiff that the suit having once been brought in Missouri and before the bar of the Kansas statute and thereafter dismissed, the proceeding would be subject to the provisions of section 874, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 874). This section provides as follows: "If any action shall have been commenced within the times respectively prescribed in articles 8 and 9 of this chapter, and the plaintiff therein suffer a nonsuit, * * * such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered. * * *" This is a saving provision and directly refers to all of the provisions found in article 9 of the said chapter (chapter 5) including said section 869.

Prior to the enactment of section 869, suits of the character under observation, viz., false arrest, though originating in another state, might be prosecuted in this state without regard to the limitation laws of the state where the cause of action arose. This was changed by said section 869. In the instant case plaintiff's action was not affected by section 869. Suit was brought at a time when the same suit could have been prosecuted in the state of Kansas. When jurisdiction once attached under the laws of Mis-

souri, section 874 became applicable, and it was not necessary for the parties to look to the limitation laws of Kansas to ascertain whether or not the procedure in Missouri would be affected thereby.

As stated heretofore, the opinion of the Kansas City Court of Appeals in McCoy v. Chicago, B. & Q. R. Co., 134 Mo. App. 622, 114 S. W. 1124, cannot be followed. This opinion is not binding upon the court and cannot be regarded as a correct interpretation of sections 869 and 874, supra.

The following case appears to apply, Knight, Administrator, v. Moline, E. M. & W. Ry. Co., 160 Iowa, 160, loc. cit. 168, 140 N. W. 839, 842. In this case the court said:

"Upon commencement of the action, the jurisdiction of the Iowa court attached. The methods of pleading and procedure were necessarily those of the forum and not of the sister state. * * *

"The jurisdiction of our court having attached while the cause of action was valid and before the statute had run, the court must necessarily ascertain the rights of the parties under such statute in accordance with its own rules of pleading and procedure and not in accordance with those of the foreign jurisdiction."

The motion for rehearing will be denied; exception reserved to the defendant.